

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# USA v. Dinges

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Dinges" (2007). *2007 Decisions.* Paper 1002.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1002

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 06-1334 and 06-1335
_____

UNITED STATES OF AMERICA

v.

TODD CHRISTOPHER DINGES,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 03-cr-00275-1 and 03-cr-00276-1)
District Judge:  The Honorable Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2007

BEFORE: FISHER, NYGAARD, and ROTH, Circuit Judges.

(Filed June 6, 2007 )

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Todd Dinges pleaded guilty to possessing pornography depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), and to mail fraud in violation of 18 U.S.C. § 1341. The District Court sentenced him to forty-eight months' imprisonment as to the child pornography charge, and to forty-eight months on the mail fraud charge, to be served concurrently. The sentences of imprisonment are to be followed by concurrent three-year periods of supervised release.

Dinges raises two arguments on appeal. First, he argues that United States Sentencing Guideline § 2G2.4 violates the separation of powers doctrine. Second, Dinges maintains the District Court erred in granting an upward departure on the basis of his criminal history. We find both claims meritless.

As he did in the District Court, Dinges argues that, in authorizing a change in the method in which United States Sentencing Commission members are appointed, Congress violated the separation of powers doctrine. Specifically, he argues that the entire Sentencing Guidelines system is unconstitutional because the Feeney Amendment allows the President to appoint to the Sentencing Commission only members of the Executive Branch. Dinges maintains that this violates our constitutionally mandated separation of

powers because it places control over indictment, prosecution, and sentencing in the hands of the Executive Branch. We reject this argument because the Sentencing Guidelines are now advisory instead of mandatory. Regardless, the District Court here specifically recognized that it had the authority to reject the application of U.S.S.G. § 2G2.4, but declined to do so.

Next, Dinges argues the District Court erred by granting the Government's request for an upward departure based on his criminal history. The Government sought an upward departure pursuant to U.S.S.G. § 4A1.3, which advises that an upward departure may be warranted when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3.[1]

Initially, Dinges' criminal history category was III. The Government argued that Dinges' prior criminal history was not adequately reflected in the guideline calculation and moved for an upward departure. The District Court agreed. The District Court pointed to Dinges' eighteen prior convictions in three separate Pennsylvania counties as well as thirty-seven summary convictions before Pennsylvania district justices, all for check fraud, forgery and/or receiving stolen property. The District Court also determined that Dinges' criminal history calculation did not reflect multiple occasions in which

---

[1]Even under the mandatory sentencing guideline regime, this departure was within the sentencing court's discretion, as evidenced by the language "may be warranted."

3

Dinges was found to be in possession of child pornography, including instances after Dinges was indicted. The District Court determined that, given these findings, Dinges' criminal history was "grossly under-represented." We see no basis for disturbing these findings.

Given this history, and the fact that Dinges was found in possession of child pornography even after being indicted for possession of such abhorrent media, the District Court determined that it was extremely likely that Dinges would commit future crimes. Accordingly, the District Court exercised its discretion and increased the criminal category. Given our deferential review of the court's sentence, and the record's support for the enhancement, we conclude that the resulting sentence was reasonable.

For all of the above reasons, we will affirm the District Court's judgment of sentence and conviction.